See also, Newwitter *v.* Mansell, 60 Hun, 578; Thomas *v.* Dickinson, 58 Id. 603; Buell *v.* Van Camp. 119 N. Y. 160; McCulloh *v.* Alby & Co., 56 Hun, 641; Kahle *v.* Muller, 57 Hun, 144; Buell *v.* Van Camp, 55 Id. 604; Brewster *v.* Same, Id. 603; Hamilton *v.* Steck, 56 Id. 649; Nat. Broadway Bk. *v.* Barker, 60 Id. 578; Scott *v.* Beaudet, 62 Id. 50.

---

ALEXANDER T. COMPTON, Plaintiff, *v.* THE CHELSEA *et al.*, Defendants.

*Supreme Court, First Department, General Term, January 24, 1890.*

*Corporations. Apartment houses.*—Where the prospectus of a corporation declares that the holders of a certain proportion of its stock will be entitled to a virtually perpetual lease of an apartment, a party who took a certificate for such an amount in which a certain apartment was named, and let the same until he was excluded therefrom, has such a title as will authorize the recovery of its possession.

Motion by the plaintiff for a new trial on exceptions ordered to be first heard at the general term.

*A. T. Compton,* plaintiff in person.

*Lemuel Skidmore,* for defendants.

DANIELS, J.—The Chelsea is a corporation formed under the laws of this state to erect, own and manage an apartment house in the city of New York, and such a building was erected by it on or before October, 1884. The plaintiff claimed to have become the owner of one of the apartments known as apartment twenty-one, on the third floor of the building. It was occupied by himself and a tenant under him from October, 1884, when he commenced making improvements by papering and decorating the walls of the apartment. The occupancy of his tenant continued until October, 1886, when he left the apartment and delivered the keys to the plaintiff. The defendant, by its manager then took possession of this apartment and excluded the plaintiff therefrom, and it was to recover that possession that this action was brought by him.

The title which the plaintiff endeavored to maintain upon the trial was derived under a prospectus sanctioned by the company, in which it was declared that the holding of a certain proportion of the stock of the company "will entitle the owner to a virtually perpetual lease of an apartment." It was further declared that each associate should subscribe for the amount of stock necessary to entitle him to an apartment of the size and in the location required by him, and that he should select his apartments on signing the subscription list. The defendant Van Brunt subscribed for and became the owner of seventy shares of the stock of the company, which was the amount required to entitle him to the apartment No. 21, now in controversy.

These shares were purchased from him by the plaintiff,

and for them and other shares owned by him a certificate was issued to him for 137 shares of the capital stock of the Chelsea. And it was by virtue of the right to which he succeeded as the assignee of the shares previously owned by Van Brunt that he claimed the apartment in controversy. Under that right the evidence tended to establish the fact that he went into the possession of the apartment, and improved and decorated the rooms forming the apartment, and afterward placed his tenant in its occupancy. This evidence was clearly sufficient to establish the facts that the plaintiff had become the owner of the shares entitling him to the possession of the apartment claimed by him, and had, with the concurrence and approval of the president of the company, gone into possession and retained that possession until the fall of 1886.

It was not contemplated by the prospectus of the company, or any other action appearing to have been taken, that a formal lease of the apartments should be made to the person entitled to them as the owner of the 70 shares. But it was provided that the person holding certain proportions of the stock would be entitled to a virtually perpetual lease of an apartment. And this was to be secured by the subscriber selecting his apartments on signing the subscription list. And that the plaintiff substantially complied with, after he became the owner of the shares issued to Van Brunt, and which by the certificate he held referred to this apartment as the one to which the seventy shares of stock entitled him to the possession. Certainly, the evidence was sufficient to warrant the jury in finding this state of facts in the plaintiff's favor. And he is entitled to the benefit of all the inferences which the jury might have drawn from the evidence in the disposition of this application.

It is true that the statute of the state has provided that every grant of a freehold estate shall be subscribed and sealed by the person from whom the estate or interest is intended to pass, or his lawful agent. 2 R. S., 6th ed., 1119, § 158. And in People *v.* Gillis, 24 Wend. 201, a compli-

ance with this provision was held to be necessary to entitle the claimant to a perpetual leasehold interest in real estate then in controversy. But in the management of the affairs of this corporation a different formality was prescribed as the one to be followed. It did not expressly provide for a formal lease of its apartments, but secured to the subscribers of its stock in certain amounts the right to an apartment so far as the stock subscribed for and owned was sufficient to entitle its owner to the one which he claimed.

It was shown on behalf of the defendant that the cost of the construction of the building greatly exceeded that which was contemplated as the utmost limit of its expense at the time when the prospectus was issued and acted upon. But by no other regulation which was made was the title of the plaintiff subjected to forfeiture on this account. Neither does it seem to have been provided that any additional investment should be made by him to obtain the title to his apartments ; nor was any obligation created on his part to pay a rental in addition to his stock for the use and occupation of the apartment. As the case was made to appear, the plaintiff had such a title to this apartment as would authorize the recovery of its possession by him if the facts insisted upon, and which the evidence tended to prove, were found in his favor by the jury. A verdict against him should not have been directed, but the case should have been submitted to the jury upon the evidence from which his right to the continued occupancy of the apartments might well have been maintained. In taking possession of the apartment and ousting the plaintiff, he was subjected to the commission of a wrong, violating the rights secured to him by the prospectus of the company. The verdict of the jury should be set aside, with costs to the plaintiff, and a new trial ordered.

BRADY, J., concurs.

---

NOTE.

See further, Compton *v.* Chelsea, 59 Hun, 624 ; Same *v.* Same, 128 N. Y. 537.